FILED

JUN - 1 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DANE KLEE,<br><br>Plaintiff/Relator,<br><br>vs.<br><br>McHenry County College,<br><br>Defendant. | No. 1:15-cv-04813<br>Judge Ruben Castillo<br>Magistrate Judge Mary M. Rowland<br><br>FILED *IN CAMERA* AND UNDER SEAL |

## *QUI TAM* COMPLAINT

NOW COMES the United States of America, by and through *qui tam* relator DANE KLEE, by and through his attorneys, Barney & Karamanis, LLP, and brings this action under 31 U.S.C §3729, *et seq.*, as amended, commonly known as the False Claims Act, to recover all damages, penalties and other remedies on behalf of the United States. In support thereof, Plaintiff/Relator states as follows:

### PRELIMINARY STATEMENT

1. This is an action by *qui tam* Relator, DANE KLEE, on behalf of the United States of America, to recover treble damages and civil penalties arising from false statements and claims made and/or caused to be made by defendant McHenry County College ("MCC") to the United States in an effort to improperly secure federal monies allocated to students to attend colleges pursuant to Section IV of the Higher Education Act of 1965 ("HEA"), 20 USCS § 1001, *et seq.*, in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.* The relator also has, individually, rights and claims described below and in the FCA.

2. The FCA was enacted during the Civil War. Since then, Congress amended the FCA in 1986 to enhance the Government's ability to recover losses sustained as a result of fraud against the United States after finding that fraud in federal programs was pervasive and that the

FCA, which Congress characterized as the primary tool for combating government fraud, was in need of modernization. Congress intended that the amendments create incentives for individuals with knowledge of fraud against the government to disclose the information without fear of reprisals or Government inaction, and to encourage the private bar to commit legal resources to prosecuting fraud on the Government's behalf.

3. The FCA provides that any person who knowingly submits a false or fraudulent claim to the United States for payment or approval is liable to the United States for a civil penalty of not less than $5,000 and not more than $10,000 for each such claim, plus three times the amount of the damages sustained by the United States because of the false claim. The Act allows any person having knowledge of a false or fraudulent claim made to the United States to bring an action in federal district court for himself and for the United States, and to share in any recovery.

4. The Act requires that the complaint be filed under seal for a minimum of 60 days (without service on the defendant during that time) to allow the Government time to conduct its own investigation and to determine whether to join the suit.

5. MCC's false statements and claims primarily encompass its fraudulent actions in certifying to the Department of Education that certain of its students registered for summer semester, including MCC employees, student workers, and friends of MCC employees, were eligible for federal financial assistance that were witnessed and reported to his superiors at MCC by relator KLEE. On information and belief, MCC's fraudulent conduct was driven, in part, by its need to inflate its student enrollment numbers in an effort to capture all available public funding.

6. This is an action for treble damages and penalties for each false claim and each false statement under the False Claims Act, 31 U.S.C. §3729, *et seq.*, as amended.

7. MCC and its employees also violated Section 3730(h) of the Act, which prohibits an employer from discharging, demoting, suspending, threatening, or harassing any employee because of lawful acts done by an employee to expose an employer's false claims to the federal government. MCC failed to renew KLEE's one-year employment contract in April 2013 and ultimately discharged KLEE on May 30, 2013 in violation of both Section 3730(h) and Illinois State retaliatory discharge law.

## JURISDICTION AND VENUE

8. This action arises under the False Claims Act, 31 U.S.C. §§ 3729-33, and also under common law theories of payment by mistake of fact, unjust enrichment, fraud and retaliatory discharge. This court has jurisdiction over this action under 31 U.S.C. § 3730(a) and 28 U.S.C. §§ 1345 and 1367 (a).

9. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) and 31 U.S.C. §3732(a), because MCC (i) resides in this district; (ii) transacts business in this district and did so at all times relevant to this complaint; and, as averred below, (iii) committed acts proscribed by 28 U.S.C. § 3729— acts giving rise to this action— within this district.

10. There have been no public disclosures of the allegations or transactions contained herein that bar jurisdiction under 31 U.S.C. §3730(e).

11. Relator is the original source of the information upon which this Complaint is based, as that phrase is used in the federal FCA, and he will be providing disclosures of the allegations of this Complaint to the United States upon the filing of this action.

12. Immediately upon filing the Complaint, Relator will provide the Illinois Attorney General with a copy of this *Qui Tam* Complaint and written disclosure of substantially all material evidence and information Relator possesses.

## PARTIES

13. Relator, DANE KLEE, is a resident of the State of Illinois.

14. The real party in interest to the claims set forth herein is the United States of America.

15. Defendant, MCC, is a community college serving residents of Illinois Community College District 528 with its main campus located at 8900 U.S. Highway 14, Crystal Lake, Illinois 60012.

## APPLICABLE LAW

### a. *Higher Education Act of 1965*

16. The Higher Education Act of 1965 (HEA) was legislation signed into law on November 8, 1965, as part of President Lyndon Johnson's Great Society domestic agenda to, *inter alia*, provide low-interest loans to students pursuing postsecondary and higher education. The financial assistance programs for college students are covered in Title IV of the HEA.

17. The HEA is administered by the Secretary of the Department of Education.

18. The Secretary of the Department of Education has propounded certain rules and regulations governing (1) the eligibility of institutions "to participate in programs authorized by the HEA," 34 CFR § 600.1; (2) the "general rules that apply to an institution that participates in any student financial assistance program authorized by Title IV," id. at § 668.1(a); and the eligibility of the students to receive federal financial aid under Title IV of the HEA. Id. at § 668.32.

4

19. Initially, in order to participate in HEA programs, including Title IV, an institution must apply to the Secretary to establish that it "qualifies as an eligible institution," 34 CFR § 600.20(a)(1), with an indication, if appropriate, that it "also wishes to be certified to participate in the title IV, HEA programs...." Id. at § 600.20(a)(2).

20. In response to the institution's application to participate in HEA programs, "the Secretary notifies the institution - (i) Whether the institution is certified to participate in those programs; (ii) Of the title IV, HEA programs in which it is eligible to participate; (iii) Of the title IV, HEA programs in which it is eligible to apply for funds; (iv) Of the effective date of its eligibility to participate in those programs; and (v) Of the conditions under which it may participate in those programs...." Id. at § 600.20(e)(2).

21. Moreover, in order to participate in any Title IV, HEA program, the institution must enter into a written Program Participation Agreement ("PPA") with the Secretary under which the institution agrees to comply with "all applicable regulatory provisions" and all "statutes applicable to Title IV of the HEA...." Id. at § 668.14(b)(1). A sample PPA is attached hereto as Ex. "A." The PPA makes it clear to the signatory institutional representative that "[t]he execution this Agreement by the institution and the Secretary is a prerequisite to the institution's initial and continued participation in any Title IV, HEA program." Ex. A, p. 1.

22. According to the rules and regulations governing the distribution of federal student financial assistance propounded by the U.S. Department of Education, rules which were in effect in 2013 and are still in effect today, in order to be eligible to receive certain federal student financial aid, including Federal Subsidized, Unsubsidized and PLUS Loans[1], a college

---

[1] However, a student may receive a Pell Grant for less than half-time enrollment. 34 CFR § 668.32(c)(2).

undergraduate must be enrolled for a minimum of six (6) credit hours per semester in required coursework. Id. at §§ 668.32(a)(1)(ii) & (iii).

b.  *False Claims Act*

23. False Claims Act liability attaches to any person who knowingly presents or causes a false or fraudulent claim to be presented for payment, or to a false record or statement made to get a false or fraudulent claim paid by the government. 31 U.S.C. §§ 3729(a)(1)&(2).

24. Under the False Claims Act, "knowing" and "knowingly" mean that a person, with respect to information:

(1)  has actual knowledge of the information;

(2)  acts in deliberate ignorance of the truth or falsity of the information; or

(3)  acts in reckless disregard of the truth or falsity of the information, and no proof of specific intent to defraud is required.

31 U.S.C. § 3729(b).

25. The False Claims Act is violated not only by a person who makes a false statement or a false record to get the government to pay a claim, but also by one who engages in a course of conduct that causes the government to pay a false or fraudulent claim for money.

## FACTUAL ALLEGATIONS

26. Between November 7, 2011 and continuing through to May 30, 2013, KLEE was employed as the Director of Financial Aid and Veteran Services with MCC. Prior to informing his supervisors of the fraudulent activity outlined in this *Qui Tam* Complaint, KLEE had never received a written reprimand or a notice of adverse action by any supervisor or manager.

27. As the Director for the Office of Financial Aid and Veteran Services, KLEE was responsible for, *inter alia*, advising MCC's Executive Council on all matters related to student financial aid; monitoring federal, state, private and institutional portfolios to ensure fiscally

6

sound program administration and full utilization of funds; and developing/managing MCC's scholarship and grants programs to attract, enroll and retain undergraduates.

28. In early 2013, during the course of his employment with MCC, KLEE became aware that employees of MCC were incorrectly awarding and disbursing federal student aid to students enrolled in MCC's summer sessions with fewer than six (6) credit hours in direct violation of 34 CFR §§ 668.32(a)(1)(i) & (ii).

29. After becoming aware of this practice, sometime in early 2013, KLEE verbally informed his immediate supervisor, Marianne Devenny, that MCC had been awarding and disbursing federal student aid to MCC students who were not enrolled for the minimum credit hours necessary to be eligible for such federal aid.

30. When no action was taken by his supervisor, in late February 2013, KLEE requested a report from MCC's IT department detailing the MCC students who had federal student loans posted to their accounts for the prior three (3) summer sessions. KLEE received the requested report, reviewed it and discovered that there were numerous MCC students who had received federal student loans who did not meet the minimum credit hours necessary to be eligible for these loans.

31. Thereafter, KLEE requested that the IT department run a second report for MCC students who had received federal student loans during MCC's summer session since 1995. KLEE received this second report, reviewed it and determined that MCC had disbursed nearly a million dollars in federal student loan moneys to students who were not eligible for the funding.

32. After performing his review of the second report, KLEE e-mailed his immediate supervisor, Marianne Devenny, with a carbon copy to Juletta Patrick, Ms. Devenny's supervisor, of his findings.

7

33. In response, KLEE was advised by Ms. Devenny that she would "take care of it."

34. On April 19, 2013, KLEE was advised that MCC's administration would be making a recommendation to MCC's Board of Trustees **not** to renew KLEE's appointment as the Director of Financial Aid after June 30, 2013. See, Ex. "B", May 30, 2015 Termination of Employment Letter.

35. On May 30, 2013, KLEE's employment with MCC was terminated by MCC, due to MCC's allegation that KLEE had deliberately misused MCC's computer system. Id.

36. MCC's excuse for terminating KLEE's employment May 30, 2013 was pretextual. See, Ex. "C", September 2, 2013 Administrative Law Judge's Decision.

37. During KLEE's tenure with MCC (November 2011-May 2013), he acquired firsthand knowledge of the false claims described above. Each described act or omission was knowingly committed by MCC in an attempt to secure federal funds or was knowingly committed by MCC in an attempt to retain federal funds already paid it and to avoid disgorgement of those funds.

### COUNT I: Violations of the False Claims Act

1.-37. Plaintiff/Relator repeats and realleges paragraphs 1 through 37 of this Complaint as and for paragraphs 1 through 37 of this Count I as though fully set forth herein.

38. As described in this Qui Tam Complaint, MCC, by and through its officers, agents, and employees: (i) knowingly presented, or caused to be presented, to the United States Government, a false or fraudulent claim for payment or approval; (ii) knowingly made, used, or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; and (iii) knowingly made, used, or caused to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government.

8

39. MCC authorized and ratified all the violations of the False Claims Act committed by its various officers, agents, and employees.

40. The United States Government and the public fisc have been damaged as a result of MCC's violations of the False Claims A ct.

41. All of MCC's conduct as described in this Complaint was knowing, as that term is used in the federal False Claims Act.

W HEREFORE, Plaintiff/Relator, DANE KLEE, on behalf of himself and the United States Government, prays:

(i) that this Court enter a judgment against Defendant in an amount equal to three times the amount of damages the United States has sustained as a result of Defendant's violations of the False Claims Act;

(ii) that this Court enter a judgment against Defendant for a civil penalty of $10,000 for each of Defendant's violations of the False Claims Act;

(iii) that Plaintiff/Relator, DANE KLEE, recover all costs of this action, with interest, including the cost to the United States Government for its expenses related to this action;

(iv) that Plaintiff/Relator DANE KLEE, be awarded all reasonable attorneys' fees in bringing this action;

(v) that in the event the United States Government proceeds with this action, Plaintiff/Relator, DANE KLEE, be awarded an amount for bringing this action of at least 15% but not more than 25% of the proceeds of the action;

(vi) that in the event the United States Government does not proceed with this action, Plaintiff/Relator, DANE KLEE, be awarded an amount for bringing this action of at least 25% but not more than 30% of the proceeds of the action;

(vii) that Plaintiff/Relator, DANE KLEE, be awarded prejudgment interest;

(viii) that Plaintiff/Relator, DANE KLEE, and the United States of America receive all relief to which either or both may be entitled at law or in equity.

**COUNT II: Retaliation and Discrimination Under the False Claims Act**

1.-41. Plaintiff/Relator repeats and realleges paragraphs 1 through 41 of Count I of this Complaint as and for paragraphs 1 through 41 of this Count II as though fully set forth herein.

42. By virtue of the above-described acts, among others, Relator has been discharged, demoted, suspended, threatened, harassed and discriminated against in the terms and conditions of his employment by MCC because of lawful acts done by relator on behalf of himself and others in furtherance of this action.

W HEREFORE, Plaintiff/Relator, DANE KLEE, on behalf of himself and the United States Government, prays:

(i) that Plaintiff/Relator, DANE KLEE, be awarded all relief to which he is entitled pursuant to § 3730(h) of the False Claims Act;

(ii) that Plaintiff/Relator, DANE KLEE, be awarded all costs of this action, including expert witness fees, attorneys' fees and court costs;

(iii) that Plaintiff/Relator, DANE KLEE, recover such other and further relief as the court deems just and proper.

### COUNT III – State Law Retaliatory Discharge

1-42. Plaintiff/Relator repeats and realleges paragraphs 1 through 42 of Count II as and for paragraphs 1 through 42 of this Count III as though fully set forth herein.

43. The Court has jurisdiction over the claims made in Count III pursuant to its pendent and supplemental jurisdiction over state law claims.

44. The False Claims Act, 31 U.S.C. §§ 3729-32, and decisions of the courts of the State of Illinois, establish a clearly mandated public policy, both nationally and for the State of Illinois, favoring truthfulness and accuracy in representations and claims made by Government contractors to the Government, and encouraging employees of such contractors to object to and report violations of this policy. Further, this policy protects employees from being discharged and retaliated against by employers as a result of such objections. By harassing and discharging

KLEE, MCC willfully and in bad faith retaliated against him in violation of the clear public policy mandated by the False Claims Act and state law, causing him in excess of $50,000 in damages. Punitive damages are necessary to deter others from similar conduct and to punish defendant.

W HEREFORE, Plaintiff/Relator, DANE KLEE, on behalf of himself and the United States Government, prays:

(i) That defendant MCC be found to have retaliated against this plaintiff for objecting to MCC's misrepresentations and false claims made to the Government;

(ii) That this Court enter judgment against defendant MCC in an amount equal to this plaintiff's actual damages, which are in excess of $50,000, including but not limited to lost wages, benefits, seniority and emotional and physical distress;

(iii) That this Court enter judgment against defendant MCC for punitive damages in the amount of $10,000,000;

(iv) That Plaintiff/Relator, DANE KLEE, be awarded such other relief as this Court deems just and proper, including pre- and post-judgment interest, costs, and attorneys' fees.

Respectfully submitted,

**UNITED STATES OF AMERICA, *ex rel.* DANE KLEE**

By: _____
One of his Attorneys

James A. Karamanis, Esq. (ARDC #6203479)
Jennifer Timm, Esq. (ARDC #6229091)
Barney & Karamanis, LLP
Two Prudential Plaza
180 N. Stetson, Suite 3050
Chicago, Illinois 60601
Tel.: 312/553-5300

11

## Certificate of Service

As provided in FRCP 4, the undersigned hereby certifies that a copy of this Complaint and written disclosure of substantially all material evidence and information Relator possesses has been served on:

Loretta Lynch, Attorney General
Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Zachary T. Fardon, U.S. Attorney for the Northern District of Illinois
United States Attorney's Office
Northern District of Illinois, Eastern Division
219 S. Dearborn Street, 5th Floor
Chicago, IL 60604

_____
James A. Karamanis