IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANE KLEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15-CV-04813 |
| ) | |
| MCHENRY COUNTY COLLEGE ) | Judge John J. Tharp, Jr. |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dane Klee alleges he was fired from his employment with defendant McHenry County College for reporting fraudulent federal financial aid claims to his supervisors. The College has moved to dismiss both of his claims: a retaliation claim under the False Claims Act and a state law retaliatory discharge claim. The College has also moved to strike the claim for punitive damages and certain exhibits attached to the complaint. For the reasons explained below, the motion to dismiss is granted in part and denied in part, while the motion to strike is granted by agreement.

## BACKGROUND

All factual allegations in the complaint are accepted as true for the purpose of this motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The College moved to strike Exhibits A and C from the complaint and the plaintiff stated he had no objection to that portion of the motion. Therefore, the motion to strike is granted and the Court will not consider those exhibits in assessing the motion to dismiss.[1] The defendants also moved to strike Klee's

---

[1] The College's motion to strike is curious, in that Exhibit C presents more information regarding the infraction for which it (purportedly) terminated Klee and the policy under which it did so. But pursuant to the motion, it will not be considered further.

request for punitive damages, to which he has no objection, so the motion to strike is granted as to the request for punitive damages.

McHenry County College ("the College") is a community college located in Crystal Lake, Illinois. First Am. Compl. ("Compl.") ¶ 7. From November 7, 2011 to May 30, 2013, plaintiff Dane Klee was the Director for the Office of Financial Aid and Veteran Services at the College. *Id.* at ¶ 15. Klee's job included advising the College's Executive Council on "all matters related to student financial aid," monitoring the College's portfolios, and developing scholarship programs to attract students. *Id.* at ¶ 16. Before the incidents giving rise to this case, Klee had never received any reprimand or other adverse action from a supervisor. *Id.* at ¶ 15.

In early 2013, Klee "became aware" (the complaint does not explain how) that the College was awarding federal student aid to students who were not enrolled in the minimum number of credits over the summer. Compl ¶ 17. Klee verbally informed his immediate supervisor, Marianne Devenny (her position or title are not identified), that these students were receiving federal aid even though they were not eligible. *Id.* at ¶18. Seeing no action taken by late February 2013, Klee requested a report from the College's IT department of all students who had received federal student loans, and found numerous students who did not meet the eligibility criteria for such loans. *Id.* at ¶ 19. Klee then asked the IT department to run a second report regarding students going as far back as 1995, which found similar errors totaling nearly a million dollars in aid. *Id.* at ¶ 20. Klee then emailed his findings regarding the second report to Devenny and Juletta Patrick, Devenny's supervisor (Ms. Patrick's position or title are not provided). *Id.* at ¶ 21. Devenny responded she would "take care of it." *Id.* at ¶ 22.

On April 19, 2013, Klee was informed that the College's administration recommended that his appointment not be renewed for the following school year. Compl. ¶ 23. On May 30,

2013, Klee was terminated, effective immediately, for misuse of the College's computer systems. *See* Compl. Ex. B. at 1. The termination notice, attached to the complaint, states that Devenny and several other administrators met with Klee on May 28 after he deleted his social security number from his employee record, causing an error in the payroll system that caused the entire system to crash. *See id*. Klee alleges this reason for his termination was pretextual (and, although unstated, presumably the true reason is his whistleblowing activity). Compl. ¶ 25. Klee filed this action on June 1, 2015.

## DISCUSSION

Klee raises two claims: first, that he was terminated in violation of the False Claims Act's protection against retaliation, 31 U.S.C. § 3730(h) and second, that he was subject to a retaliatory discharge in violation of state law.[2] The College moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss both counts of the complaint. First, it argues Klee has failed to state a plausible claim for any of the elements of a retaliation claim under the FCA. Second, the College argues that Klee's state law claim is time-barred and that the College is immune under the Illinois Tort Immunity Act (TIA), 745 ILCS 10/8-101.

In order to survive a motion to dismiss, Klee must allege enough facts to state a plausible claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A complaint may proceed even if "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is

---

[2] The complaint is not clear whether Klee's state claim is under Illinois common law or some statute. The College's arguments appear to be premised on a common law claim. Klee does not directly refute this, although he does refer to the Illinois Whistleblower Act repeatedly. To the extent Klee meant to plead a claim under that statute, he has failed to do so, because the act covers only employees who disclose information "in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding" or "to a government or law enforcement agency." 740 ILCS 174/15. Klee was fired long before he filed any suit or spoke to any government official. Therefore, the Court proceeds under the assumption Klee intends to invoke Illinois common law.

3

very remote and unlikely." *Id*. However, "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The Court addresses Klee's two claims separately.

### I. FCA Retaliation

Klee's only federal claim is that he was terminated in violation of 31 U.S.C. § 3730(h), which provides that an employee may not be "discharged. . . because of lawful acts done by the employee. . . in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter." In order to prove a claim under this section, Klee must allege facts supporting three findings: (1) that his actions were taken in furtherance of an action or to stop one or more violation of the FCA, (2) that his employer knew he had engaged in such actions, and (3) that his discharge was motivated, "at least in part," by the protected activity. *Fanslow v. Chi. Mfg. Ctr., Inc.*, 384 F.3d 469, 479 (7th Cir. 2004). The College argues that Klee cannot prove any of these elements, but the Court finds he has set forth sufficient (if barely) allegations at this stage.

### A. Protected Activity

As an initial matter, the College argues Klee did not take actions "in furtherance" of an FCA action because his lawsuit was not filed until two years after the activities in question. *See United States ex rel. Batty v. Amerigroup Ill., Inc.*, 528 F. Supp. 2d 861, 877 (N.D. Ill. 2007). However, the FCA was amended in 2009 to add a second category of protected activity, namely "other efforts to stop" violations of the FCA. *See Halasa v. ITT Educ. Servs.*, 690 F.3d 844, 847-48 (7th Cir. 2012). Klee reported the College's fraud to his supervisor and later followed up with both his supervisor and the supervisor's supervisor. The Seventh Circuit has acknowledged that a reasonable trier of fact could find reports to supervisors were "efforts to stop potential FCA violations." *Id*. at 848. Reports to supervisors are a natural first step to stopping fraudulent

4

activity and, depending on the employee's position and the employer's response, may be the only activity they can engage in before filing their lawsuit. *See United States ex rel. Rockey v. Ear Inst. of Chicago, LLC*, 92 F. Supp. 3d 804, 828 (N.D. Ill. 2015) (reports to supervisor sufficient to state protected activity); *Thomas v. EmCare, Inc.*, No. 4:14-CV-00130-SEB, 2015 WL 5022284, at *4 (S.D. Ind. Aug. 24, 2015) (same). Therefore, the Court finds that Klee's reports to his supervisor and his supervisor's supervisor were sufficient protected activity to state a claim for retaliation under the FCA.

### B. Employer Knowledge

Second, the College alleges that Klee was a "fraud-alert" employee who failed to give sufficient notice to his employer that he had detected fraudulent conduct. A "fraud-alert" employee is one whose job duties include discovering fraud, and therefore are held to a higher notice standard. *Fanslow*, 384 F.3d at 483. As an initial matter, the Court notes that this standard was developed when there was only one way to state an FCA retaliation claim – by having engaged in protected activity in furtherance of an FCA action – and the fraud-alert standard was designed to put an employer "on notice of the distinct possibility of a *qui tam* action." *Id*. Now that the statute has been amended to protect other efforts to stop FCA violations, it is not clear that notice of a potential lawsuit is necessary (since this would in effect collapse the two categories back into one – it is hard to imagine activities that would *not* be efforts in furtherance of an FCA action but would still put an employer on notice of a potential FCA lawsuit).

In any event, the College argues that Klee's own description of his duties as reporting to executives on "all matters" relating to student financial aid and monitoring portfolios to ensure sound program administration designate him as a fraud-alert employee. *See* Def.'s Mem. at 5, ECF No. 24. The Court, however, is required to construe all well-pleaded allegations in the light

most favorable to the plaintiff at this stage. *See Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). Although Klee was responsible for reporting on matters related to financial aid, none of the duties explicitly mentioned in the complaint include fraud detection or investigation. *Compare Gronemeyer v. Crossroads Cmty. Hosp.*, No. 3:10-CV-00571-WDS, 2013 WL 4510006, at *5 (S.D. Ill. Aug. 26, 2013) (employee responsible for conducting quality assurance assessments). Moreover, Klee had to go to the IT department and have employees there run the report that demonstrated the fraud was happening. This suggests to the Court that monitoring for fraudulent student status may not have been part of Klee's duties (although, of course, discovery may well reveal that investigation was in fact a part of Klee's job, it simply is not clear from the face of the complaint). Therefore, the Court cannot find at this point that Klee is a fraud-alert employee and instead finds his communications with his superiors were sufficient to put the College on notice of his protected activity. *See Carnithan v. Cmty. Health Sys., Inc.*, No. 11-CV-312-NJR-DGW, 2015 WL 9258595, at *4 (S.D. Ill. Dec. 18, 2015) (report to CEO sufficient notice); *Fanslow*, 384 F.3d at 484 (reports sufficient for normal employee).

### C. Retaliatory Intent

Finally, the College argues that Klee has failed to plead that he was fired at least in part due to his protected activity because he does not allege the relevant decision-maker was aware of his activity. The College makes much of the fact that Klee's termination letter was signed by Vicky Smith, the President of the College, and Klee does not allege that Smith knew about his protected activity.[3] There are several flaws with this argument. First, the letter signed by Smith

---

[3] Klee's complaint alleges that the reason given in the termination letter was pretextual, but does not ever explicitly allege that he was fired *because* of his reports. At the pleading stage, he needn't explicitly do so if a plausible inference of causation can be made. See *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013) ("to establish a *prima facie* case of retaliation, an employee need not present proof of a causal link between the protected expression

states that Klee's supervisor (Devenny) was in the meeting that preceded his termination. *See* Compl. Ex. B. Therefore, at least one party involved in his termination decision was aware of his protected conduct.

More importantly, at this, the pleading stage, Klee does not need to demonstrate that any specific person had a retaliatory intent. Rather, he must provide some plausible evidence that his employer (that is, the College) retaliated at least in part due to his activity. This can often take the form of unproblematic prior performance combined with a "precipitous fall." *United States ex rel Helfer v. Associated Anesthesiologists of Springfield, Ltd.*, No. 10-3076, 2014 WL 4198199, at *9 (C.D. Ill. Aug. 25, 2014). *See also Thomas v. EmCare, Inc.*, No. 4:14-CV-00130-SEB, 2015 WL 5022284, at *4 (S.D. Ind. Aug. 24, 2015). *Compare Swift v. DeliverCareRx, Inc.*, No. 14 C 03974, 2015 WL 3897046, at *8 (N.D. Ill. June 23, 2015) ("Temporal proximity between Swift's activities and the firing is not enough where, as here, there was already trouble between Swift and DeliverCare long before Swift claims to have made his report to Purdy."). Klee has alleged that he had not received any reprimands or other adverse actions during his two-year tenure before this incident. Klee took action in late February 2013 and by April 19 his appointment had not been renewed for the coming year and by May 30 he had been fired effective immediately. The proximity between his protected activity and his termination in what

---

in which the plaintiff engaged. . . and the adverse employment action of which he is complaining."); *Huri v. Office of the Chief Judge of the Circuit Court of Cook County,* 804 F.3d 826, 833 (7th Cir. 2015) (holding that allegations about protected activity and adverse action suffice to state retaliation claim and reversing dismissal of retaliation claim). The Court construes Klee's allegation that "Plaintiff was discharged, demoted, suspended, threatened, harassed and discrimination against in the terms and conditions of his employment by [the College] because of lawful acts done by himself" to be an allegation that he was terminated due to his protected activity. *See* Compl. ¶ 27. Furthermore, the College failed to raise the absence of any allegations of causation, focusing instead on Smith's knowledge, and therefore that argument is deemed waived. *See Blaz v. Michael Reese Hosp. Found.,* 191 F.R.D. 570, 572 (N.D. Ill. 1999) (arguments not raised deemed waived).

was allegedly an otherwise unproblematic employment relationship, especially combined with his supervisor's participation in the pre-termination meeting, is sufficient to squeak past the threshold necessary to survive a motion to dismiss.[4] Therefore, the College's motion to dismiss is denied as to the FCA retaliation claim.

### II. State Law Retaliatory Discharge

Under Illinois law, actions against local entities (including community colleges) have a one year statute of limitations (except in the case of injury or death). 745 ILCS 10/8-101(a). Numerous courts in this district have applied this one year statute of limitations to retaliatory discharge claims. *See, e.g., Love v. City of Chicago*, No. 09 C 03631, 2015 WL 2193712, at *12 (N.D. Ill. May 7, 2015); *Cunliffe v. Wright*, 51 F. Supp. 3d 721, 731 (N.D. Ill. 2014); *Kirley v. Bd. of Educ. of Maine Twp. High Sch. Dist. 207*, No. 13 C 1706, 2013 WL 6730885, at *11 (N.D. Ill. Dec. 20, 2013). Klee was fired on May 30, 2013 and did not file this suit until June 1, 2015, well outside the one year statute of limitations.

Klee first argues that his claim is not time-barred because another judge of this district suggested that the one year statute of limitations did not apply to a retaliatory discharge claim brought under the Illinois Whistleblower Act. *See Zelman v. Hinsdale Twp. High Sch. Dist. 86*, No. 10 C 00154, 2010 WL 4684039, at *2 (N.D. Ill. Nov. 12, 2010). Although that conclusion may or may not be an accurate statement of Illinois law under the IWA (*see Williams v. Office of the Chief Judge*, 839 F. 3d 617, 627 (7th Cir. 2016) ("It is unclear under Illinois law whether this statute of limitations applies to retaliatory discharge claims under the Illinois Whistleblower Act,

---

[4] To survive a summary judgment motion, however, Klee will have to adduce evidence sufficient to create a jury issue as to whether the adverse action decision-maker knew of his reports relating to students who were ineligible for financial aid. See *Halasa*, 690 F.3d at 848 ("The law is clear that it is the decisionmakers' knowledge that is crucial. . . . Apart from narrow exceptions . . . companies are not liable under the False Claims Act for every scrap of information that someone in or outside the chain of responsibility might have.").

8

although one appellate court seemed to suggest that it might.")), it does not control whether Klee's claim (which is not brought under the IWA) is time-barred. Illinois law plainly subjects a general retaliatory discharge claim against a governmental entity to a one year statute of limitations. *See Halleck v. Cty. of Cook*, 637 N.E.2d 1110, 1113 (Ill. App. Ct. 1994).

Klee next argues that the one year statute of limitations should not apply under a continuing violation theory because the College has continued in its allegedly fraudulent practices. *See* Pl.'s Resp. at 12. This argument misunderstands the continuing violation theory of liability. Klee is not injured by the College's (alleged) practice of defrauding the government. Klee's injury took place when he was fired, and there it ended. In fact, a termination is exactly the sort of injury that is *not* likely to support a continuing violation theory because it is discrete and clearly identifiable. *See, e.g., Lucas v. Chicago Transit Auth.*, 367 F.3d 714, 724 (7th Cir. 2004). The Court grants the motion to dismiss as to the state law claim with prejudice, as the claim is time-barred by the TIA.

*   *   *

By the agreement of the parties, the motion to strike Exhibit A, Exhibit C, and the request for punitive damages is granted. Because Klee has sufficiently alleged protected activity, his employer's knowledge, and facts that suggest a retaliatory intent, the motion to dismiss is denied as to the FCA retaliation claim. The state law retaliatory discharge claim is dismissed with prejudice because it is time-barred.

_John J. Tharp_

Dated: July 26, 2017                                      John J. Tharp, Jr.
                                                          United States District Judge